**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4485**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

JOSE IVAN HERNANDEZ, a/k/a Pelon, a/k/a Vampiro, a/k/a Ivan, a/k/a Ivanovich,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:14-cr-00111-FDW-DCK-1)

Submitted: July 26, 2017                       Decided: August 1, 2017

Before GREGORY, Chief Judge, and KING and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard H. Tomberlin, TOMBERLIN LAW OFFICE, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Ivan Hernandez was convicted by a jury of conspiracy to distribute and to possess with intent to distribute heroin, 21 U.S.C. § 846 (2012), and money laundering conspiracy, 18 U.S.C. § 1956 (1)(1)(B)(i), (h) (2012), and sentenced to 432 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning whether the district court erred in allowing a DEA agent to identify Hernandez's voice in an audio recording of a telephone call, even though the agent had never spoken to Hernandez in person, and in denying Hernandez's motion to suppress evidence retrieved from a cellular telephone. Although advised of his right to file a supplemental pro se brief, Hernandez has not done so. We affirm.

Counsel first asserts that the district court erred in allowing DEA agent Dustin Harmon to identify Hernandez's voice in a recorded phone call when Harmon had not personally heard Hernandez's voice. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017).

At trial, Agent Harmon testified at length about his involvement in the investigation leading to Hernandez's indictment. Harmon stated that Hernandez became a target early on and that, through a confidential informant, he and members of the investigative team attempted to set up controlled purchases of cocaine from Hernandez. Harmon provided detailed testimony about recorded conversations between the informant and Hernandez, from whom she was arranging a large controlled purchase of heroin, to be delivered to Charlotte. Harmon later testified that he compared the voice in those

2

recorded telephone conversations with Hernandez's voice in recorded calls he made from jail.

The proponent of an audio recording carries the burden of demonstrating that the recording was sufficiently authentic to be admitted into evidence. *United States v. Wilson*, 115 F.3d 1185, 1188–89 (4th Cir. 1997). The requirement for authentication is satisfied when there is "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "We have consistently allowed district courts wide latitude in determining if a proponent of tape recordings had laid an adequate foundation from which the jury reasonably could have concluded that the recordings were authentic and, therefore, properly admitted." *United States v. Branch*, 970 F.2d 1368, 1372 (4th Cir. 1992).

We find that the district court did not abuse its discretion in allowing Harmon's testimony. Harmon had listened to numerous calls in which the caller identified himself as Hernandez and was able to compare the voice in those calls with the person speaking to Camacho. The district court properly concluded that Harmon's opinion was admissible. *See* Fed. R. Evid. 901(b)(5). In any event, later witnesses with personal knowledge of Hernandez's voice identified Hernandez in the phone calls; therefore, any potential error in allowing Harmon to identify Hernandez was harmless. *See United States v. McBride*, 676 F.3d 385, 400 (4th Cir. 2012) (holding that, where there is a high probability that an error did not affect judgment, it is harmless).

Second, counsel asserts that the district court erred in denying Hernandez's motion to suppress evidence obtained from the search of a cell phone. In reviewing a district

3

court's ruling on a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Stover*, 808 F.3d 991, 994 (4th Cir. 2015), *cert. denied*, 137 S. Ct. 241 (2016). We construe the evidence presented in the light most favorable to the Government, the prevailing party on Hernandez's motion to suppress. *Id.*

Although initially ruled inadmissible because the underlying search was not based on voluntary consent, the district court later allowed the evidence under the independent source doctrine. The independent source doctrine "provides for the admissibility of evidence if it would have been obtained even absent an illegal search." *Murray v. United States*, 487 U.S. 533, 537-43 (1988). It "allows trial courts to admit evidence obtained in an unlawful search if officers independently acquired it from a separate, independent source," *Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016); *see also United States v. Bullard*, 645 F.3d 237, 244 (4th Cir. 2011). The doctrine applies to evidence observed during a warrantless search that is later obtained pursuant to a valid warrant. *Murray*, 487 U.S. 539-39. To find the search with a warrant "genuinely independent," the unlawful search must not have affected (1) the officer's "decision to seek the warrant" or (2) the magistrate judge's "decision to issue [it]." *Murray*, 487 U.S. at 542. We have reviewed the record and find that the district court did not err in denying Hernandez's motion to suppress the evidence obtained from the Samsung T199 phone because the search pursuant to the warrant was "genuinely independent" of the initial search. *Murray*, 487 U.S. at 542.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hernandez's conviction and sentence. This court requires that counsel inform Hernandez, in writing, of the right to petition the Supreme Court of the United States for further review. If Hernandez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hernandez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*